Michael M. Rosen (SBN 230964)
rosen@fr.com
Olga May (SBN 232012)
omay@fr.com
Daniel Chan (SBN 268125)
dchan@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-4393
Facsimile:  (858) 678-5099

Ruffin B. Cordell (*PHV to be adopted*)
cordell@fr.com
Joseph V. Colaianni (*PHV to be adopted*)
colaianni@fr.com
Indranil Mukerji (*PHV to be adopted*)
mukerji@fr.com
Stephen A. Marshall (*PHV to be adopted*)
smarshall@fr.com
Fish & Richardson P.C.
1425 K Street, NW 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

*Attorneys for Defendant Marvell Semiconductor, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SEMICONDUCTOR SOLUTIONS LLC,<br><br>  Plaintiff,<br><br>v.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>  Defendant.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>  Counter-claimant,<br><br>v.<br><br>PROGRESSIVE SEMICONDUCTOR SOLUTIONS, LLC,<br><br>  Counter-defendant. | Case No. 8:14-cv-00330 DOC (JPRx)<br><br>**MARVELL SEMICONDUCTOR, INC.'S ANSWER AND COUNTERCLAIMS TO PROGRESSIVE SEMICONDUCTOR SOLUTIONS LLC'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Case No. 8:14-cv-00330 DOC (JPRx)

**MARVELL SEMICONDUCTOR, INC.'S ANSWER TO PROGRESSIVE SEMICONDUCTOR SOLUTIONS LLC'S COMPLAINT**

Defendant Marvell Semiconductor, Inc. ("Marvell"), by and through its attorneys, hereby answers the Complaint for alleged patent infringement filed by Plaintiff Progressive Semiconductor Solutions LLC ("Progressive"), and files the Counterclaims enumerated below. Marvell denies the allegations and characterizations in Progressive's Complaint unless expressly admitted in the following paragraphs.

## THE PARTIES

1. Marvell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies all such allegations.

2. Marvell admits that it is a California corporation with a principal place of business in Santa Clara, California. Marvell admits that attorney Steve Marshall of Fish & Richardson P.C. is located at 1425 K Street NW, Suite 1100, Washington, DC and agreed to accept service of Progressive's Complaint in the above captioned case. Marvell denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Marvell admits that this action for infringement of a United States patent purports to arise under 28 U.S.C. §§ 1331 and 1338(a). Marvell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, therefore, denies all such allegations.

4. For the purpose of this action only, Marvell admits that this Court has personal jurisdiction over Marvell and that venue in this District is permissible, although not convenient. Marvell denies the remaining allegations in Paragraph 4 of the Complaint.

5. For the purpose of this action only, Marvell admits that this Court has personal jurisdiction over Marvell and that venue in this District is permissible, although not convenient. Marvell denies the remaining allegations in Paragraph 5 of the Complaint.

**ALLEGED PATENT INFRINGEMENT**

6. Marvell admits that United States Patent No. 6,473,349 ("the '349 patent"), on its face, is titled "CASCODE SENSE AMP AND COLUMN SELECT CIRCUIT AND METHOD OF OPERATION" and bears an issuance date of October 29, 2002. Marvell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and, therefore, denies all such allegations.

7. Marvell admits that the '349 patent is referred to as the "Patent-in-Suit" in Progressive's Complaint.

8. Marvell lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Progressive is the owner of all right, title and interest in and to the Patent-in-Suit and, therefore denies such allegations. Accordingly, Marvell denies the remaining allegations in Paragraph 8 of the Complaint.

9. Marvell denies the allegations in Paragraph 9 of the Complaint.

10. Marvell denies the allegations in Paragraph 10 of the Complaint.

11. Marvell lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Complaint, or Paragraph 11 states legal conclusions to which no response is required, and Marvell, therefore, denies all such allegations.

12. Marvell denies the allegations in Paragraph 12 of the Complaint.

13. Marvell denies the allegations in Paragraph 13 of the Complaint.

**RELATED CASE**

14. Marvell admits that Progressive alleges infringement of the '349 patent in both Civil Action No. 8:13-cv-01535 ODW (JEMx) and the present action.

Marvell admits that the Court's March 3, 2014 Order (Dkt. No. 45) in Civil Action No. 8:13-cv-01535 ODW (JEMx) dismissed Marvell without prejudice, permitted Progressive to "file a new civil action against Marvell Semiconductor," and advised the parties that "[o]nce the Court receives these documents, it will issue a scheduling order in the Marvell Semiconductor action and coordinate the two cases for all purposes except trial." Marvell lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, or Paragraph 14 states legal conclusions to which no response is required, and Marvell, therefore, denies all such allegations.

## RESPONSE TO PROGRESSIVE'S PRAYER FOR RELIEF

In response to Progressive's Prayer for Relief, Marvell incorporates by reference as if fully set forth herein its responses to the allegations in Paragraphs 1 through 14 of the Complaint. Marvell denies the underlying allegations in Progressive's Prayer for Relief, denies that Progressive is entitled to any relief whatsoever, and requests that the Court deny all relief to Progressive and enter judgment in favor of Marvell.

## MARVELL'S AFFIRMATIVE DEFENSES

Marvell asserts the following Affirmative Defenses in response to Progressive's Complaint. Marvell reserves its right to amend its Answer to add additional Affirmative Defenses, including, but not limited to, inequitable conduct and/or any other defenses currently unknown to Marvell, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Marvell has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

Marvell has not directly infringed, and does not directly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '349 patent, whether individually or jointly. Accordingly, Marvell has not committed, and does not commit, any act of willful infringement.

**SECOND AFFIRMATIVE DEFENSE**

The claims of the '349 patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

Progressive's claims for relief are statutorily limited in whole or in part by 35 U.S.C. §§ 286 and/or 287. For example, on information and belief, Progressive is not entitled to past damages for its failure and/or the failure of prior owners of the '349 patent to mark and/or require licensees of the '349 patent to mark.

**FOURTH AFFIRMATIVE DEFENSE**

Progressive's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, acquiescence, and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Progressive's claims are limited by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the '349 patent before the United States Patent and Trademark Office.

**SIXTH AFFIRMATIVE DEFENSE**

Progressive's claims for injunctive relief are barred at least because Progressive's claims fail to meet the requirements for such relief and because there exist adequate remedies at law.

## MARVELL'S COUNTERCLAIMS FOR DECLARATORY RELIEF

Marvell, for its Counterclaims against Progressive, states and alleges as follows:

### NATURE OF THE ACTION

1. These Counterclaims seek declaratory judgment regarding the '349 patent. Marvell seeks judgment under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

### PARTIES

2. Marvell is a California corporation with its principal place of business in Santa Clara, California.

3. On information and belief based on Progressive's allegation in Paragraph 1 of its Complaint, Progressive is a limited liability company organized and existing under the laws of the State of Texas, with a principal place of business in Plano, Texas.

4. Progressive, based on averments in its Complaint, claims to be the present assignee of U.S. Patent No. 6,473,349 ("the '349 patent"), and claims to hold the right to pursue and collect damages for past and present infringement thereof. Progressive also claims that Marvell has infringed the '349 patent. On information and belief, Progressive has never made any product or system or otherwise practiced the claims of the '349 patent. On information and belief, Progressive does not compete with Marvell in any market with respect to any technology claimed by the '349 patent.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the following Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

6. Progressive has consented to personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in Progressive's Complaint.

7. By virtue of filing its action, Progressive has consented that venue is proper in this District under at least 28 U.S.C. § 1391(b) and (c).

## FIRST COUNTERCLAIM

8. Marvell incorporates by reference as if fully set forth herein the allegations in Paragraphs 1 through 7 of its Counterclaims.

9. Based on Progressive's filing of this action and at least Marvell's First and Second Affirmative Defenses, an actual case or controversy has arisen and now exists between Progressive and Marvell as to whether or not Marvell has directly infringed any valid and enforceable claim of the '349 patent.

10. A judicial declaration is necessary and appropriate so that Marvell may ascertain its rights regarding the '349 patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, Marvell therefore requests a judicial declaration that it has not directly infringed and does not directly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '349 patent, whether individually or jointly.

## SECOND COUNTERCLAIM

12. Marvell incorporates by reference as if fully set forth herein the allegations in Paragraphs 1 through 11 of its Counterclaims.

13. Based on Progressive's filing of this action and at least Marvell's Second Affirmative Defense, an actual case or controversy has arisen and now exists between Progressive and Marvell as to whether or not any asserted claim of the '349 patent is invalid.

14. A judicial declaration is necessary and appropriate so that Marvell may ascertain its rights regarding the '349 patent.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, Marvell therefore requests a judicial declaration that one or more claims of the '349 patent are invalid and/or

unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Marvell respectfully requests that this Court enter judgment in Marvell's favor against Progressive and issue an order that includes:

A. A declaration that Marvell has not directly infringed, and does not directly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '349 patent;

B. A declaration that the claims of the '349 patent are invalid;

C. A permanent injunction preventing Progressive, including its officers, agents, employees, and all persons acting in concert or participation with Progressive, from charging that the claims of the '349 patent are infringed by Marvell;

D. A declaration that this case is exceptional and an award to Marvell of its costs, expenses, and reasonable attorneys' fees incurred in this action; and

E. Further relief as the Court may deem just and proper.

Dated: March 11, 2014

FISH & RICHARDSON P.C.

By: */s/ Daniel Chan*
Daniel Chan (SBN 268125)
dchan@fr.com

Attorneys for Defendant Marvell Semiconductor, Inc.

## JURY DEMAND

Pursuant to Local Rule CV-38.1 and Fed. R. Civ. P. 38, defendant and counter-claimant Marvell Semiconductor, Inc. hereby demands a trial by jury on all issues relating to Progressive Semiconductor Solutions LLC so triable in this action.

Dated: March 11, 2014                    FISH & RICHARDSON P.C.


By: */s/ Daniel Chan*
Daniel Chan (SBN 268125)
dchan@fr.com

Attorneys for Defendant Marvell Semiconductor, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 11, 2014 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated:   March 11, 2014

By: */s/ Daniel Chan*
Daniel Chan (SBN 268125)
dchan@fr.com