O

# United States District Court
# Central District of California

| | |
|---|---|
| PROGRESSIVE SEMICONDUCTOR SOLUTIONS LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>            Defendant. | Case No. 8:14-cv-00330-ODW(JEMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING [45]** |

Before the Court is Plaintiff Progressive Semiconductor Solutions LLC's Motion for Leave to File First Amended Complaint. (ECF No. 45.) A nearly identical motion has been filed in the related case *Progressive Semiconductor Solutions LLC v. Qualcomm Technologies, Inc.*, No. 8:13-cv-01535-ODW(JEMx). Progressive seeks leave to add allegations of indirect patent infringement. For the reasons discussed below, the Court **GRANTS** the Motion.[1]

Leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit leave to amend rests in the sound discretion of the trial court. *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). In determining whether leave to amend should be granted, at least

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

four factors are considered: (1) undue delay; (2) bad faith or dilatory motive; (3) prejudice to the opposing party; and (4) futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant Marvell Semiconductor Solutions, Inc. opposes the Motion contending that the indirect-infringement allegations are premised on the same information available to Progressive at the outset of the litigation. According to Marvell, Progressive's proposed amendment is not based on new facts since Progressive has not received any discovery. Also, Marvell claims that Progressive delayed in seeking leave to amend, and allowing amendment would prejudice Marvell by expanding the scope of discovery.

The Court is unpersuaded by Marvell's arguments and finds that the lenient standard for amendment favors Progressive. First, there is no evidence of undue delay. While, Progressive was late in seeking leave to amend from this Court, the close of fact discovery in this case is more than six months away. Moreover, even Marvell admits that discovery has only just begun. Likewise, the record lacks evidence of bad faith or dilatory motive. Progressive indicates that it sought expert advice regarding the facts and circumstances of its case before seeking leave to add allegations of indirect infringement. While Marvell contends that it will be prejudiced by amendment, the prejudice it asserts—more expansive discovery—is an incident of any litigation. As long as Progressive's allegations are brought in good faith, the burden of expanded discovery is not a proper basis for finding prejudice. Finally, at this stage of the litigation and without the benefit of discovery, this Court cannot say whether amendment is futile and accepts Progressive's allegations as true. The Court does note, however, that any additional time required to conduct discovery internationally will require Progressive to demonstrate good cause unrelated to amendment of the pleadings.

For these reasons, the Court **GRANTS** Progressive's Motion for Leave to File First Amended Complaint. (ECF No. 45.) However, to the extent that Progressive

seeks a modification of this Court's Scheduling Order, the Motion is **DENIED**. Progressive shall file the First Amended Complaint **within 48 hours** of this Order.

**IT IS SO ORDERED.**

June 16, 2014

_____
          **OTIS D. WRIGHT, II**
      **UNITED STATES DISTRICT JUDGE**